PER CURIAM.
DeAngelis petitions for writ of habeas corpus alleging he is being unlawfully detained as a result of respondent’s failure to credit him with incentive gain time during his final days of incarceration. Petitioner contends that the failure of the Department of Corrections (DOC) to credit him with incentive gain time during the last month of incarceration will extend his period of incarceration by some 15-20 days. In support of his contention that DOC is required to award petitioner incentive gain time, petitioner cites Pettway v. Wainwright, 450 So.2d 1279 (Fla. 1st DCA 1984). In Pettway, this court invalidated DOC’s denial of incentive gain time during Pett-way’s final 45 days of incarceration on the grounds that DOC’s policy of freezing incentive gain time during the final days of prisoners’ incarceration was not promulgated in accordance with the procedures required by Florida’s Administrative Procedure Act. We stated:
While it is true that the [incentive gain-time] statute is not mandatory and the DOC may deny incentive gain-time, the DOC must uniformly grant or deny incentive gain-time unless there is some justification and authority for classifying and treating some prisoners different from other prisoners.
Id. at 1280. We held that until DOC adopted a rule in conformance with the APA, it was without authority to deny incentive gain time to prisoners during their last month of incarceration.
In its response to our order to show cause why DeAngelis’ petition should not be granted, DOC relies upon Emergency Rule 33ER84-5 which was promulgated subsequent to Pettway. That rule provides:
If an inmate’s sentence is expiring, his release date will be frozen on the twelfth day of the month prior to the month of actual release. No incentive gain time will be applied once an inmate enters this frozen period. The inmate will enter the frozen release date period if, as a result of the incentive gain time entered by the twelfth of the month, his release date *640 falls within the following month. Inmates will not benefit during the frozen period from any further incentive gain time adjustments to their release date.
Section 120.54(9), Florida Statutes (1983), permits the promulgation of emergency rules which may not be effective for a period longer than 90 days and are not renewable. It appears that the statutory requirements were met in the promulgation of the subject emergency rule. A prerequisite for such a rule is a finding that an immediate danger to the public health, safety or welfare requires emergency action. The requisite findings were published in 10 Fla.Admin.Weekly 2194 (July 13, 1984) and include the following:
The freezing of incentive gain time prior to release is necessary to arrange for inmates who have detainers lodged against them to be taken into custody by law enforcement officials upon release from the Department of Corrections. The Department must have a definite release date and sufficient time to notify law enforcement agencies nationwide of the impending release of inmates so that these agencies have sufficient time to arrange for the inmate to be taken into custody and transported to the proper location. If law enforcement agencies of other jurisdictions do not have sufficient time to make arrangements for assuming custody, the inmate wanted on pending charges or under sentence of another authority may be released into society, thus creating a danger to the public. By not freezing the award of incentive gain time, the release date is constantly changing and thus definite plans cannot be made in a timely manner to arrange for employment, housing, and transportation upon release in society. The Basic Release Assistance Program (as provided for in F.S. 944.601) requires advance notification of a definite date of release in order for the releasee to qualify for assistance. Without this advance notice, various private and public organizations providing support services do not have sufficient time to assist releasees in locating employment and housing, thereby increasing the possibility of the releasees reverting to criminal activities and jeopardizing the health and welfare of the public.
We find unpersuasive petitioner’s argument that Emergency Rule 33ER84-5 does not satisfy the requirements of § 120.54(9), Florida Statutes. His petition is therefore denied.
SHIVERS, WENTWORTH and NIM-MONS, JJ., concur.